AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| ROSA NEGRETE; JULIO NEGRETE, SR., et al. (see attachment) <br><br> *Plaintiff(s)* <br> v. <br><br> STANLEY SNIFF, an individual; COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.  EDCV 14-01024 SVW (RZx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* STANLEY SNIFF, an individual; COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Gilbert R. Geilim, Esq.
State Bar Number: 117508
14560 Friar Street
Van Nuys, California 91411
Phone: (818) 804-4114
Fax: (818) 804-4119

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____10/02/2014_____      _____
*Signature of Clerk or Deputy Clerk*

# ATTACHMENT TO SUMMONS

Additional Plaintiffs are as follow:

**S.N., a minor by and through his Guardian Ad Litem Daisy Leon; J.A.N., a minor by and through his Guardian ad Litem Daisy Leon; S.N., a minor by and through her Guardian ad Litem Daisy Leon; H.N., a minor by and through her Guardian ad Litem Crystal Oliva.**

1

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
Gilbert R. Geilim, Esq. / Bar # 117508
Gilbert R. Geilim, A Professional Corporation
14560 Friar street
Van Nuys, California 91411
Phone (818)804-4114
Fax (818)804-4119
e-mail: grglaw7@gmail.com

ATTORNEY(S) FOR:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Rose Negrete, Julio Negrete, Sr., et al. | CASE NUMBER: |
| | EDCV 14-01024 SVW (RZx) |
| Plaintiff(s), | |
| v. | |
| Stanley Sniff, an individual; County of Riverside; Riverside County Sheriff Department, et al. | CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1) |
| Defendant(s) | |

TO:     THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for _____ Plaintiffs, Negrete, et al. _____
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|-------|----------------------|
| Rosa Negrete | Mother |
| Julio Negrete, Sr. | father |
| S.N., a minor | son |
| J.A.N., a minor | daughter |
| S.N., a minor | son |
| H.N., a minor | son |

October 2, 2014
Date

Signature

Attorney of record for (or name of party appearing in pro per):

Gilbert R. Geilim, Esq.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| ROSA NEGRETE; JULIO NEGRETE, SR., et al. | STANLEY SNIFF, an individual; COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; and DOES 1-10, |

| (b) County of Residence of First Listed Plaintiff   Riverside | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Gilbert R. Geilim, Esq.<br>California Bar Number: 117508<br>14560 Friar Street<br>Van Nuys, California 91411 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C., Section 1983.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☒ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1. Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right.  ➡

**C.2. Is either of the following true?  If so, check the one that applies:**

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | EDCU — SVW |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE:   October 2, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1 | GILBERT R. GEILIM, ESQ. / SBN# 117508
GILBERT R. GEILIM, A PROFESSIONAL CORP.
2 | 14560 Friar Street
Van Nuys, California 91411
3 | Telephone:    (818)804-4114
Fax:              (818)804-4119
4 | e-mail:          grglaw7@gmail.com

5 | Attorney for Plaintiffs, Rosa Negrete, et al.

6

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | ROSA NEGRETE; JULIO NEGRETE, SR., | CASE NO.: EDCV 14-01024 SVW
S.N., a minor by and through his Guardian | (Rzx)
12 | Ad Litem Daisy Leon; J.A.N., a minor by and
through his Guardian ad Litem Daisy | SECOND AMENDED
13 | Leon; S.N., a minor by and through her | COMPLAINT FOR DAMAGES:
Guardian ad Litem Daisy Leon; H.N., a minor
14 | by and through her Guardian ad Litem
Crystal Oliva, | 1. WRONGFUL DEATH
15 | DAMAGES - NEGLIGENCE.

16 | 2. SURVIVAL DAMAGES-
17 | NEGLIGENCE.

18 | 3. DELIBERATE
19 | INDIFFERENCE

20 | Plaintiffs,
| 4. VIOLATION OF 42 U.S.C.
21 | §1983 BASED ON CUSTOM
OR PRACTICE CAUSING
22 | vs. | CONSTITUTIONAL INJURY.

23
STANLEY SNIFF, an individual; | 5. VIOLATION OF 42 U.S.C.
24 | COUNTY OF RIVERSIDE, RIVERSIDE | §1983 FOR FAILURE TO
COUNTY SHERIFF'S DEPARTMENT, | SUPERVISE AND TRAIN.
25

26 | Defendants.
27 | JURY DEMAND

28 | 1

THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1

## COMPLAINT

2   Plaintiffs ROSA NEGRETE; JULIO NEGRETE, SR.; S.N., a minor by and through his

3   Guardian Ad Litem Daisy Leon; J.A.N., a minor by and through his Guardian ad Litem Daisy

4   Leon; S.N., a minor by and through her Guardian ad Litem Daisy Leon; H.N., a minor by and

5   through her Guardian ad Litem Crystal Oliva, for their complaint against Defendants STANLEY

6   SNIFF, an individual; County of Riverside, Riverside County Sheriff's Department,

7   allege as follows:

8

## INTRODUCTION

9   1.   This torts action seeks wrongful death and survival damages from Defendants in

10   connection with fatal beating of the decedent, Julio Negrete, by his cellmate at the Southwest

11   Regional Detention Center in Murrieta, California.  Said damages suffered by Plaintiffs due to and

12   caused by the actions and/or inactions of Defendants and each of them, in violation of laws of the

13   United States and State of California.

14

## JURISDICTION AND VENUE

15   2.  This civil action is brought pursuant to 28 U.S.C.§§1983 and 1998 and state

16   negligence claims for relief.

17   3.  Venue over Plaintiffs' claims is properly in the Central District of California under 28

18   U.S.C.§§1401(b), because all acts or omissions giving rise to this action occurred in the County

19   of Riverside, California.

20

## PARTIES

21   4.  At all relevant times, Defendant, COUNTY OF RIVERSIDE (hereinafter referred to

22   as "COUNTY"), is and was a duly organized public entity, form unknown, existing under the

23   laws of the State of California, and a Chartered subdivision of the State of California, located in

24   the Central District California, with the capacity to sue and be sued.

25   5.  At all relevant times, COUNTY was the employer of Defendants STANLEY SNIFF,

26   and DOES 1 through 10, who were all Sheriff's deputies, Sheriff's supervisorial deputies,

27

28

2

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

1  Sheriff's managerial and/or policy making employees of the COUNTY Sheriff's Department.

2  All these employees were acting under the color of law and withing the course and scope of their

3  employment for the COUNTY.

4     6. Defendant, STANLEY SNIFF (hereinafter referred to as "SNIFF") was and now is the

5  Sheriff/Coroner of Riverside County and, on information and belief, a resident of the Central

6  District of California.  As Sheriff of Riverside county, SNIFF has ultimate supervision and

7  management responsibility over the five jails, or correctional facilities in Riverside County, all

8  managed by the Sheriff's Department Corrections Division.  Sniff was elected as Sheriff/Coroner

9  in 2010 and took office in January 2011 for a full 4 year term.

10     7. At all times herein, STAFF, which includes Defendant SNIFF, were employees of the

11  County of Riverside of varied ranks and titles working at the Southwest Regional Detention

12  Center (SRDC).  Plaintiffs are ignorant of true names of STAFF.  Plaintiffs are informed and

13  believe and, based upon such information and belief, allege the each of the Defendants named

14  herein as DOES 1 through 10, were, at all times mentioned herein, jailers, medical staff, mental

15  health staff, employees and/or supervisors on duty at the Southwest Regional Detention Center in

16  Murietta, a facility of the Riverside County Sheriff's Department (hereinafter referred to as

17  "RCSD"), assigned to the Riverside County Jail.

18     8. Plaintiffs are informed and believe and, based upon such information and belief, allege

19  each of the Defendants, was and is negligently, intentionally, or both negligently and

20  intentionally responsible in some manner for the occurrences herein alleged, and the injuries and

21  damages suffered by Plaintiffs as herein alleged were the direct and proximate result of, and

22  caused by the acts and omissions of the Defendants.

23     9. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate,

24  associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 10,

25  inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiffs will seek leave

26  to amend this Complaint to reflect their true names and capacities as they are ascertained.

27

28

3

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

10. Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times herein mentioned, each and every one of the Defendants was and now is the agent, servant, or employee of each and every other Defendant and was in doing the things herein alleged, acting within the course and scope of said agency, service or employment.

11. Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times herein mentioned, each of the Defendants ratified and approved the acts, omissions, representations, and other activities of each and every other Defendant.

12. Plaintiffs ROSA NEGRETE, JULIO NEGRETE, SR.; S.N., a minor; J.A.N., a minor; S.A., a minor; and H.N., a minor, are and at all times herein mentioned were individuals residing in the Central District of California.

13. JULIO NEGRETE's (DECEDENT) date of birth was September 22, 1977.

14. ROSA NEGRETE is the mother of DECEDENT and is suing both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. ROSA NEGRETE seeks both survival damages and wrongful death damages under her tort claims.

15. JULIO NEGRETE, SR., is the father of DECEDENT and is suing both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. JULIO NEGRETE, SR., seeks both survival damages and wrongful death damages under her tort claims.

16. S.N., is a minor individual residing in the County of Riverside, California, and is the natural born son to DECEDENT. S.N. is suing by and through his natural mother and Guardian Ad Litem Daisy Leon, both in his individual capacity and in a representative capacity as a successor in interest to DECEDENT. S.N. seeks both survival and wrongful death damages under federal and state law.

17. J.A.N., is a minor individual residing in the County of Riverside, California, and is the natural born son to DECEDENT. J.A.N., is suing by and through his natural mother and

4

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

1  Guardian Ad Litem Daisy Leon, both in his individual capacity and in a representative capacity

2  as a successor in interest to DECEDENT. J.A.N., seeks both survival and wrongful death

3  damages under federal and state law.

4      18. S.N., is a minor individual residing in the County of Riverside, California, and is the

5  natural born daughter to DECEDENT.  S.N., is suing by and through his natural mother and

6  Guardian Ad Litem Daisy Leon, both in her individual capacity and in a representative capacity

7  as a successor in interest to DECEDENT.  S.N., seeks both survival and wrongful death damages

8  under federal and state law.

9      19. H.N., is a minor individual residing in Idaho, and is the natural born daughter to

10  DECEDENT.  H.N., is suing by and through his natural mother and Guardian Ad Litem Crystal

11  Oliva, both in her individual capacity and in a representative capacity as a successor in interest to

12  DECEDENT.  H.N., seeks both survival and wrongful death damages under federal and state

13  law.

14      20. On November 1, 2013, Plaintiffs submitted the required claim to Defendant County

15  of Riverside.  A true and correct copy of the claim form is attached herein as **EXHIBIT 1**.

16      21. On November 25, 2013, Defendant County of Riverside denied Plaintiffs' claim.  A

17  true and correct copy of the denial letter is attached herein as **EXHIBIT 2**.

18              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19      22. Plaintiffs restate and reallege the allegations of paragraphs 1 through 20 of this

20  Complaint and incorporate them herein by reference as though fully set forth herein.

21      23. At all relevant times, Decedent was in custody of Defendants, the Riverside Sheriff

22  Department and Stanley Sniff and housed at Southwest Regional Detention Center in Murietta,

23  California (SRDC).

24      24. At all relevant times, Decedent was designated and housed in the Special Housing

25  Unit ("SHU").

26      25. At all relevant times, Chad Patrick Barrera was also designated and housed in the

27

28  _____ 5 _____

              **THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

1  Special Housing Unit ("SHU").

2      26.  On information and belief, various laws, statutes, regulations, and ordinances

3  required that SHU prisoners such as Decedent be in a single-cell housing and kept separate from

4  other prisoners for their own safety and the safety of other prisoners.

5      27.  At all times herein mentioned, Defendant COUNTY had a custom or policy enabling

6  or establishing the actions, omissions, procedures and practices of its various agents and

7  agencies, including the Defendant RCSD, and its agents and employees.

8      28.  At all times herein-mentioned, Defendants COUNTY and RCSD were responsible

9  for ensuring that the actions, omissions, policies, procedures, practices of the RCSD and its

10  employees and agents complied with the laws and the Constitution of the United States and of

11  the State of California.

12      29.  STAFF had a nondiscretionary duty to maintain for each segregated inmate basic

13  living levels of decency and human treatment, regardless of the purpose for which the inmate was

14  segregated.

15      30.  STAFF had a nondiscretionary duty to limit the number if inmates confined to each

16  cell or room in segregation to the number for which the space was designated.

17      31.  STAFF had a nondiscretionary duty to directly supervise segregated prisoners, and to

18  ensure that segregated prisoners were seen daily by both a member of the medical department

19  and one or more responsible officers designated by the Warden.

20      32.  On information and belief, STAFF had reasonable belief that Chad Patrick Barrera

21  was a dangerous inmate.

22      33.  At all times herein-mentioned, Defendant SNIFF was personally charged by law and

23  was responsible with the administration of Defendant RCSD and its employees, and for the

24  supervision, training and hiring of persons, agents and employees working withing said RCSD,

25  including officers, deputies, medical staff, mental health staff and DOES 1 through 10, inclusive.

26      34.  SNIFF is sued in his individual capacity as a supervisor for his own conscious

27

28

6

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

1  indifference in the training, supervising, or controlling his subordinates, or for his acquiescence

2  in the constitutional deprivations which this Complaint alleges, or for conduct that showed a

3  reckless or callous indifference to the rights of others in violation of the Eighth and Fourteenth

4  Amendments to the Constitutions of the United States.

5      35.  SNIFF's affirmative conduct includes, without limitation, his failure to enact,

6  publish, and ensure enforcement of policies, rules, regulations, customs or directives designed to

7  protect inmates such as DECEDENT.  SNIFF was charged with the duty to personally make sure

8  the policies and procedures are followed.  SNIFF failed to supervise his employees and further

9  failed his personal duties in training and hiring of persons, agents and employees working within

10  said RCSD, including officers, deputies, medical staff, mental health staff

11      36.  SNIFF's affirmative conduct and active failure to oversee his personal duties,

12  proximately caused acts by others which he knew, or about which he was consciously indifferent,

13  would inflict the constitutional harms alleged herein.

14      37.  It was the duty and responsibility of SNIFF and some DOE Defendants to monitor

15  and/or protect inmates under their custody and control; to ensure that inmates did not harm or kill

16  other inmates; to maintain safety and security in the jail; and, to protect inmates from force and

17  violence by other inmates, including refraining from housing a non-violent inmate with a known

18  violent killer inmate.  SNIFF failed to follow policies and procedures in these areas.

19      38.  SNIFF and some DOE Defendants were responsible for the administration of the

20  Southwest Regional Facility, and/or the supervision of its deputies and employees.  SNIFF and

21  some DOE Defendants failed to do so.

22      39.  SNIFF and the DOE Defendants, jailers and/or supervisory officials at the time of the

23  incident more specifically alleged below, are responsible for their actions or inactions relating to

24  their duties to protect inmates under their custody and control and/or the training and supervision

25  of their subordinates, or, for their acquiescence in the constitutional deprivations which this

26  Complaint alleges, or for their own conduct that showed a reckless or callous indifference to the

27

28

7

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

1  rights of those for whom they had a legal duty to provide security and safety.

2     40. SNIFF and the DOE Defendants failed to ensure adherence to or enforcement of

3  policies, rules, regulations, or directives, which they knew or reasonably should have known,

4  would cause others to inflict the constitutional injuries alleged in this Complaint, with deliberate

5  indifference.

6     41. At all times herein mentioned, SNIFF and each DOE Defendant was acting as the

7  employee, agent, and representative of Defendant COUNTY and every other DOE Defendant and

8  within the course and scope of such employment and agency.

9     42. Defendant SNIFF and supervisory DOES 1 through 10, were at all times mentioned

10  herein, COUNTY employees.  They were charged by law and were responsible to the supervision

11  of deputies and employees under their command at RCSD, including those assigned to the

12  Southwest Regional Detention facility and, for the supervision, training and corrective actions of

13  persons, deputies, agents, medical staff, mental health employees, and employees working under

14  their command withing RCSD and COUNTY.

15     43. Each of the Defendants caused and is responsible for the unlawful conduct and

16  resulting harm by, either personally participating in the conduct, or acting jointly and in concert

17  with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take

18  action to prevent the unlawful conduct; or, by failing to enact, or by promulgating or failing to

19  promulgate rules, regulations, policies, or procedures pursuant to which the unlawful conduct

20  occurred; or, by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate

21  and maintain adequate supervision, security, training, compliance with duties and staffing; or, by

22  ratifying and condoning the unlawful conduct performed by agents and officers, deputies,

23  medical staff and employees under their direction and control.

24     44. Whenever reference is made in this Complaint to any act by Defendants and DOE

25  Defendants, such allegations and references shall also be deemed to mean the acts and failures to

26  act of each Defendant, individually, jointly, or severally.

27

28  _____8_____

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

45. On information and belief, both Decedent and Chad Patrick Barrera were classified similarly and housed in the same cell. Thus, the STAFF owed a heightened duty of care to Decedent.

46. STAFF had the duty to classify them differently and place them in separate cells. STAFF had a further duty to provide for the safekeeping, care, and subsistence of Decedent.

47. STAFF had a nondiscretionary and constitutional duty to make sure Decedent would be free from cruel and unusual punishment through deliberate indifference to a substantial risk of violence at the hands of the other prisoners.

48. STAFF owed Decedent the duty to reasonably protect him from foreseeable risk of harm.

49. STAFF had a duty to adequately supervise their subordinate employees.

50. STAFF had a duty to monitor and observe inmates at the prison.

51. On or about May 9, 2013, DECEDENT was an inmate at the Southwest Regional Detention Center, Murrieta, California, a Riverside County jail facility operated by RCSD, in custody and control of Defendants, and each of them, allegedly due to a minor traffic or drug offense and scheduled to be released within hours of his arrest.

52. STAFF, including but not limited to SNIFF, either intentionally or with conscious indifference to the safety and security of DECEDENT, placed him in a two-person cell at the Southwest Regional Detention Center with inmate Chad Patrick Barrera (hereinafter "Barrera"), who had been in custody of Defendants for having murdered a friend a year earlier by shooting him with a gun. DECEDENT was placed in the cell with Barrera, and Barrera murdered him. The cause of DECEDENT's death was ligature strangulation.

53. Plaintiffs allege on information and belief that Barrera had documented history of violence or a propensity for violence, including specifically for murder.

54. STAFF, including but not limited to SNIFF, and DOES 1-10 knew and/or consciously disregarded, that DECEDENT would be murdered by Barrera, a mentally ill inmate

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

1  with a history or propensity for violence and murder, but they were deliberately indifferent to

2  DECEDENT's security and protection, were consciously indifferent in ensuring his security,

3  safety and were consciously indifferent in preventing violence and harm from another inmate

4  under their custody and control.

5      55.  Barrera had been formally charged by the Riverside District Attorney with murder of

6  Potts, a friend, and has also been charged with murder of DECEDENT.  The outcome of these

7  cases are unknown at the present time.

8      56.  The conduct of STAFF, including but not limited to SNIFF, and DOES Defendants

9  1-10, deprived DECEDENT of his constitutional rights, including the right to reasonable

10  custodial security, to be free from violence and free from being murdered, all protected under the

11  Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth

12  Amendment's right to due process of law.

13      57.  COUNTY is vicariously liable for the wrongful acts of SNIFF and DOES 1 through

14  10 who were all acting under the color of law and within the course and scope of their

15  employment for COUNTY.

16      58.  As a result of the actions or inactions of the individual Defendants, including but not

17  limited to SNIFF, and DOES 1-10, DECEDENT was murdered.

18      59.  As a result of the actions or inactions of the individual Defendants and DOES 1-10,

19  Plaintiffs  ROSA NEGRETE, JULIO NEGRETE, SR., and the minors suffered violations of their

20  First and Fourteenth Amendments due process rights to familial companionship, relationship and

21  society with DECEDENT, resulting in damages according to proof at trial.

22      60.  Pursuant to the provisions of U.S.C.§1988, Plaintiffs are entitled to an award of

23  reasonable attorney's fees and costs according to proof.

24      61.  Each individual Defendant and DOE Defendants acted recklessly, with conscious

25  indifference to DECEDENT's constitutional rights and should be assessed damages, according to

26  proof at trial.

27

28  _____10_____

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

## FIRST CLAIM FOR RELIEF

### Wrongful Death Damages - Negligence

### Against Defendant

62. Plaintiffs restate and reallege the allegations of paragraphs 1 through 61 of this Complaint and incorporate them herein by reference as though fully set forth herein.

63. As a result of STAFF's, including Defendant SNIFF, negligence conduct as detailed above and other undiscovered conduct, Plaintiffs suffered the following damages:

    a.    Extreme emotional and mental distress, anguish, humiliation, embarrassment, fright, pain, discomfort, fear, anxiety, depression, and shock to their nervous system;

    b.    Loss of love, affection, companionship, and support of Decedent; and

    c.    Funeral, burial, and other related expenses.

## SECOND CLAIM FOR RELIEF

### Survival Damages - Negligence

64. Plaintiffs restate and reallege the allegations of paragraphs 1 through 63 of this Complaint and incorporate them herein by reference as though fully set forth herein.

65. As a result of STAFF's, including Defendant SNIFF, negligence conduct as detailed above and other undiscovered conduct, Plaintiffs suffered the following damages:

    a.    Severe pain and suffering;

    b.    Extreme emotional and mental distress, anguish, humiliation, embarrassment, fright, pain, discomfort, fear, anxiety, depression, and shock to their nervous system; and

    c.    Loss of enjoyment of life and loss of life.

/ / / /

11

THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1

<div align="center">

**THIRD CLAIM FOR RELIEF FOR**

**DELIBERATE INDIFFERENCE**

**Against the County, Sniff, and RCSD**

</div>

66.  Plaintiffs restate and reallege the allegations of paragraphs 1 through 65 of this Complaint and incorporate them herein by reference as though fully set forth herein.

67.  At all times herein-mentioned, Defendants COUNTY and RCSD were responsible for ensuring that the actions, omissions, policies, procedures, practices of the RCSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

68.  STAFF had a nondiscretionary duty to maintain for each segregated inmate basic living levels of decency and human treatment, regardless of the purpose for which the inmate was segregated.

69.  At all times herein-mentioned, Defendant SNIFF was personally charged by law and was responsible with the administration of Defendant RCSD and its employees, and for the supervision, training and hiring of persons, agents and employees working withing said RCSD, including officers, deputies, medical staff, mental health staff and DOES 1 through 10, inclusive.

70.  STAFF, including but not limited to SNIFF, either intentionally or with conscious indifference to the safety and security of DECEDENT, placed him in a two-person cell at the Southwest Regional Detention Center with inmate Chad Patrick Barrera (hereinafter "Barrera"), who had been in custody of Defendants for having murdered a friend a year earlier by shooting him with a gun.  DECEDENT was placed in the cell with Barrera, and Barrera murdered him. The cause of DECEDENT's death was ligature strangulation.

71.  STAFF, including but not limited to SNIFF, and DOES 1-10 knew and/or consciously disregarded, that DECEDENT would be murdered by Barrera, a mentally ill inmate with a history or propensity for violence and murder, but they were deliberately indifferent to DECEDENT's security and protection, were consciously indifferent in ensuring his security,

12

<div align="center">

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

</div>

1 safety and were consciously indifferent in preventing violence and harm from another inmate

2 under their custody and control.

3     72. The conduct of STAFF, including but not limited to SNIFF, and DOES Defendants

4 1-10, deprived DECEDENT of his constitutional rights, including the right to reasonable

5 custodial security, to be free from violence and free from being murdered, all protected under the

6 Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth

7 Amendment's right to due process of law.

8     73. Plaintiffs are informed and believe and thereon allege that prior to May 9, 2013 and

9 subsequent thereto, SNIFF and the supervisor DOE Defendants know or were consciously

10 indifferent that sheriff deputies, custody personnel and supervisors, employed by RCSD, in the

11 course and scope of their employment, committed similar acts of failure to provide reasonable

12 security, failed to monitor inmates under their watch, failed to safeguard against inmate-on

13 inmate violence and improperly designated and/or house inmates.

14 <center>**FOURTH CLAIM FOR RELIEF**</center>

15 <center>**For Violation of 42 U.S.C. §1983 Based on Custom or**</center>

16 <center>**Practice Causing Constitutional Violation**</center>

17 <center>**Against the County and RCSD**</center>

18     74. Plaintiffs restate and reallege the allegations of paragraphs 1 through 73 of this

19 Complaint and incorporate them herein by reference as though fully set forth herein.

20     75. At all times herein mentioned, Defendants SNIFF, COUNTY and RCSD maintained

21 customs or practices that posed a substantial risk of serious harm, including murder, to inmates

22 under their custody and control, such as DECEDENT.

23     76. SNIFF, COUNTY and RCSD knew or were consciously indifferent to the following

24 customs or practices that pose this risk of serious harm, including murder: (1) improper

25 classification of inmates; (2) improper housing or assignment of inmates to locations within the

26 jail; (3) inadequate monitoring of inmates; (4) inadequate supervision or training of custody

27

28 <center>13</center>

<center>**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**</center>

1  deputies or employees in order to provide reasonable security to inmates; (5) failure to provide

2  reasonable security and/or prevent abuse, physical injury, and murder by other inmates; and (6)

3  failure to supervise, investigate and take corrective actions with respect to incidents of failure to

4  provide reasonable security resulting in inmate-on inmate violence.  These custom or practices

5  were the proximate cause of DECEDENT's death.

6      77.  Pursuant to the provisions of U.S.C.§1988, Plaintiffs are entitled to an award of

7  reasonable attorney's fees and costs according to proof.

8                        **FIFTH CLAIM FOR RELIEF**

9         **For Violation of 42 U.S.C. §1983 and DOES 1-10 For Failure**

10                        **To Supervise and Train**

11              **Against SNIFF In His Individual Capacity**

12      78.  Plaintiffs restate and reallege the allegations of paragraphs 1 through 77 of this

13  Complaint and incorporate them herein by reference as though fully set forth herein.

14      79.  In failing to follow his personal responsibilities in managing, directing the

15  sheriff department's personnel to follow set procedures in detaining, classifying inmates,

16  and placing inmates in cells with other inmates, SNIFF acted with deliberate indifference

17  to the constitutional rights of persons like DECEDENT, who were in his custody, control,

18  and care.

19      80.  SNIFF knew or was deliberately and consciously indifferent to the following

20  customs or practices that pose this risk of serious harm, including murder: (1) improper

21  classification of inmates; (2) improper housing or assignment of inmates to locations within the

22  jail; (3) inadequate monitoring of inmates; (4) inadequate supervision or training of custody

23  deputies or employees in order to provide reasonable security to inmates; (5) failure to provide

24  reasonable security and/or prevent abuse, physical injury, and murder by other inmates; and (6)

25  failure to supervise, investigate and take corrective actions with respect to incidents of failure to

26  provide reasonable security resulting in inmate-on inmate violence.

27

28

14

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

81.  SNIFF with conscious and deliberate indifference to the consequences, failed to act to prevent this unconstitutional conduct by his subordinates and/or acquiesced, condoned or ratified a custom, practice or policy of unlawful and/or unconstitutional conduct by his subordinates, deputies, and supervisors.

82.  SNIFF is sued in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, including the facility commanders, the watch commander, the floor supervisors, and/or for his acquiescence in the constitutional deprivations as alleged herein, and/or conduct exhibiting a reckless or conscious indifference to the rights of inmates such as DECEDENT, in implementing or tailing ti implement, policies, procedures, rules, regulations, or directives that would have prevented the constitutional harm to DECEDENT alleged herein.

83.  SNIFF's actions and/or inactions under his supervision and control proximately caused the constitutional violations alleged herein.

84.  Plaintiffs are informed and believe and thereon allege that prior to May 9, 2013 and subsequent thereto, SNIFF and the supervisor DOE Defendants know or were consciously indifferent that sheriff deputies, custody personnel and supervisors, employed by RCSD, in the course and scope of their employment, committed similar acts of failure to provide reasonable security, failed to monitor inmates under their watch, failed to safeguard against inmate-on inmate violence and improperly designated and/or house inmates.

85.  Plaintiffs are further informed and believe and thereupon allege that SNIFF and supervisor DOE Defendants were aware, or should have been aware and should have taken action to ensure: (1) reasonable security to protect the security of inmates; (2) adequate monitoring of inmates; (3) prompt and proper medical and mental health care to inmates; (4) proper classification, and housing of inmates; and (5) adequate protection of inmates against violence from other inmates.

86.  As a result of these actions or inactions, SNIFF is liable in his personal capacity

15

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

1  based upon his knowledge or deliberate indifference, other actions or inactions of other deputies

2  under his supervision and control, resulting in violation of the constitutional rights of inmates,

3  such as DECEDENT, who is now dead.

4      87.  SNIFF's inaction in failing to investigate, train, or request disciplinary action of his

5  subordinate deputies, constitute acquiescence in the unconstitutional conduct and is the

6  proximate cause of Plaintiffs' damages, for which SNIFF is liable.

7      88.  Pursuant to the provisions of U.S.C.§1988, Plaintiffs are entitled to an award of

8  reasonable attorney's fees and costs according to proof.

9      89.  SNIFF and supervisory Defendants acted recklessly, with conscious indifference to

10  DECEDENT's constitutional rights and should be assessed punitive damages, according to proof

11  at trial.

12      **WHEREFORE**, Plaintiff prays judgment against Defendants as follow:

13      1.  For General damages in a sum according to proof;

14      2.  For funeral and burial expenses and past, present and future special damages

15  according to proof;

16      3.  For punitive damages in a sum according to proof;

17      4.  For costs of suit incurred herein;

18      5.  For other losses in an amount according to proof;

19      6.  For attorney fees; and

20      7.  For such other further relief as the Court may deem just and proper..

21  Dated: October 1, 2014

22                                        **GILBERT R. GEILIM, A PROFESSIONAL LAW CORPORATION**

23

24

25

26                                        **Gilbert R. Geilim, Esq., Plaintiffs' Attorney**

27

28                                       16

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

**COUNTY OF RIVERSIDE**          **CLAIM FOR DAMAGES TO PERSON OR PROPERTY**

| | | OFFICE USE ONLY |
|---|---|---|

**INSTRUCTIONS:**

1. Read claim *thoroughly*.
2. Fill out claim as indicated; attach additional information if necessary.
3. This office needs the *original* completed claim form and clear readable copies of attachments (if any) if originals are not available.
4. This claim form *must* be signed.

*DELIVER OR U.S. MAIL TO:*  CLERK OF THE BOARD OF SUPERVISORS
ATTN: CLAIMS DIVISION
P.O. BOX 1628,   4080 LEMON ST, 1ST FL.
RIVERSIDE, CA. 92502-1628   (951) 955-1060

OFFICE USE ONLY: 2013 NOV - 1  AM
TIME STAMP HERE

**1. FULL NAME OF CLAIMANT**
Julio + Rosa Negrete

**2. MAILING ADDRESS (STREET/P.O. BOX)**
29415 Cheryl Way

**CITY** Quail Valley   **STATE** California   **ZIP CODE** 92587

**HOME TELEPHONE** (951) 244-1785   **BUSINESS TELEPHONE** (951) 436-8824

**3. WHEN DID DAMAGE OR INJURY OCCUR (PLEASE BE EXACT)**
May 9, 2013

**4. WHERE DID DAMAGE OR INJURY OCCUR:** Murrietta French Valley
Southwest Detention Center
**STREET** Riverside   **CITY** Ca   **STATE**   **ZIP CODE**

**5. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:**
While in custody of Riverside Sheriff, Julio Negrete was killed by another inmate, Chad Barrera, charged with murder, kidnapping + Car jacking. The murder occurred in a jail cell.

**6. WERE POLICE OR PARAMEDICS CALLED?**  ☒ YES   ☐ NO

**7. IF PHYSICIAN/HOSPITAL WAS VISITED DUE TO INJURY, INCLUDE DATE OF FIRST VISIT AND HOSPITAL'S NAME, ADDRESS AND PHONE NUMBER:**

**DATE OF FIRST VISIT** 5/9/2013   **PHYSICIAN'S/HOSPITAL'S NAME**

**PHYSICIAN'S/HOSPITAL'S ADDRESS** unknown   **PHONE** unknown ( )

**8. WHY DO YOU CLAIM THE COUNTY IS RESPONSIBLE?**
Failure to Properly segregate inmate necessary to protect the welfare of other inmates

**9. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE).** unknown
NAME:   DEPARTMENT:
NAME:   DEPARTMENT:

**10. WITNESSES TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION:**

| NAME | PHONE |
|---|---|
| ADDRESS | |
| NAME unknown | PHONE |
| ADDRESS | |
| NAME | PHONE |
| ADDRESS | |

**11. LIST DAMAGES INCURRED TO DATE (attach copies of receipts or repair estimates)**
Death of a 36 year old human being in the hands of a murderer

**TOTAL DAMAGES TO DATE** $5,000,000.00   **TOTAL ESTIMATED PROSPECTIVE DAMAGES** $

**THIS CLAIM MUST BE SIGNED TO BE VALID.**   **NOTE:** *PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72.)*

*W A R N I N G :*

- ➢ CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN SIX (6) MONTHS AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- ➢ ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE (1) YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- ➢ SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF THE WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

- ➢ IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

**12. CLAIMANT OR PERSON FILING ON HIS/HER BEHALF**
SIGNATURE   RELATIONSHIP TO CLAIMANT

**13. PRINT OR TYPE NAME** ROSA NEGRETE   **DATE** 10/26/13

REVISED: 6/26/2008

**EXHIBIT 1**



OFFICE OF
CLERK OF THE BOARD OF SUPERVISORS
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA 92502-1147
Office: (951) 955-1060     FAX: (951) 955-1071

KECIA HARPER-IHEM
Clerk of the Board

KIMBERLY A. RECTOR
Assistant Clerk of the Board

November 25, 2013

JULIO & ROSA NEGRETE
c/o THE GEILIM LAW BUILDING
14560 FRIAR STREET
VAN NUYS, CA 91411

$5/15/14$

**RE: NOTICE OF REJECTION OF CLAIM**

| | |
|---|---|
| **Claimant:** | **NEGRETE, Julio & Rosa** |
| **Date of Loss:** | **05/09/2013** |
| **Claim No:** | **540-13** |
| **Date Claim Received:** | **11/01/2013** |

Notice is hereby given that the claim you presented to the Clerk of the Board of Supervisors was rejected by the Board on November 25, 2013.

**Warning**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This warning, and the six month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kecia Harper-Ihem
Clerk to the Board of Supervisors

By:    *Cecilia Gil*

Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on November 25, 2013.

*Cecilia Gil*

Cecilia Gil, Board Assistant

**EXHIBIT 2**

1          **PROOF OF SERVICE BY MAIL**

2          I am over the age of eighteen years and not a party to the within action. My employment

3    address where the mailing occurred is 14560 Friar Street, Van Nuys, California 91411.

4          I am familiar with the business practices for collection and processing of correspondence

5    for mailing with the United States Postal Service at the aforementioned address and a true copy

6    of the within Second Amended Complaint was deposited in the mail on October 2, 2014

7    following such business practices and in such manner as to cause it to be deposited within the

8    United States Postal Service that same day in the ordinary course of business addressed to all

9    such attorneys or parties addressed as follows:

10   Mr. Arthur K. Cunningham, Esq.
     **LEWIS, BRISBOIS BISGAARD & SMITH, LLP.**
11   650 East Hospitality Lane, Suite 600
     San Bernardino, California 92408
12

13   Mr. Christopher D. Lockwood, Esq.
     **ARIAS & LOCKWOOD**
14   225 West Hospitality Lane, Suite 314
     San Bernardino, California 92408
15

16         I declare under penalty of perjury under the laws of the State of California that the

17   foregoing is true and correct.

18         Executed October 2, 2014, in Van Nuys, California.

19

20

21                                          Moe Nadim

22

23

24

25

26

27

28   _____17_____

**THIRD AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**