1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ROSA NEGRETE; JULIO NEGRETE,<br>SR, individually and as successors in<br>12 interest to JULIO NEGRETE, JR., | ) Case No. EDCV 14-01024 SVW (FFMx)<br>)<br>) |
| 13            Plaintiffs, | ) (~~PROPOSED~~) PROTECTIVE ORDER<br>) |
| 14      vs. | )<br>) |
| 15 STANLEY SNIFF, an individual;<br>COUNTY OF RIVERSIDE; COUNTY<br>16 OF RIVERSIDE SHERIFF'S<br>DEPARTMENT, | ) NOTE: CHANGES MADE BY<br>) THE COURT<br>)<br>) |
| 17            Defendants. | )<br>) |
| 18 _____ | ) |

19        Under California law, Penal Code § 832.7, Evidence Code § 1043-1047,

20 California Constitution, article I, § 1 provide a privilege for personnel files and other

21 files concerning law enforcement officers.  Federal law recognizes state law

22 privileges to the extent not inconsistent with federal law.  FRE 501.  Under federal

23 law, these documents are discoverable only with a tightly drawn protective order.

24 Doe v. City of San Diego, 2013 U.S. Dist. Lexis 35048 (S.D.Cal. 2013).

25        In order to protect the confidentiality of documents and information while still

26 allowing necessary discovery, the court orders as follows:

27 / / /

28 / / /

1

1. Defendant may designate specific documents or specific types of information as confidential.  Any document and information so designated shall be subject to the terms of this Protective Order.  The documents so designated shall be limited to documents which are covered by <u>California Evidence Code</u> § 1043-1047 and/or <u>California Penal Code</u> § 832.7, and/or California Constitution, Article I, § 1.

2. Absent a further stipulation or court order, any documents and information designated as confidential shall not be conveyed, transferred, published, distributed, copied, duplicated or disseminated except as follows:

(a) To the counsel for Plaintiffs and his staff.

(b) To consultants for Plaintiffs concerning the issues raised by this lawsuit, and their staff.

**(c) To the Court and its staff.  (FFM)**

3. Prior to the dissemination of any such documents or information pursuant to this Protective Order, counsel for Plaintiffs shall inform such person of the terms and conditions of this Protective Order and secure such person's agreement in writing to be bound by it.

4. All parties subject to this Protective Order are precluded from using any such documents or information except for the purposes of litigating the present lawsuit.

5. At the conclusion of this lawsuit, any documents provided pursuant to this Protective Order shall be either returned to counsel for Defendants, or destroyed and proof of such destruction shall be provided to counsel for Defendants.

6. All parties subject to this Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any of the documents and information designated as confidential.

7. The parties may stipulate that any document or item of information which was initially designated as confidential and subject to this Protective Order is not confidential and not subject to this Protective Order.

2

8. If a stipulation cannot be reached, Plaintiffs may apply to the Court in compliance with the requirements in Local Civil Rule 37 for an order that a document or item of information which was designated as confidential and subject to this Protective Order is not confidential and not subject to this Protective Order. Any such application to the Court must be filed with an application under Local Civil Rule 79-5.1 to file under seal any document or item of information designated as confidential, with the contents not disclosed publicly, unless and until the Court rules that the document or item of information is not subject to the Protective Order.

9. If any documents or items of information designated as confidential are used at deposition, the relevant portions of any such deposition shall be subject to the terms of this Protective order unless there has been a prior stipulation or order designating the document as non-confidential.

10. Any document that has been designated as confidential pursuant to this Protective Order shall be filed with the Court with an application under Local Civil Rule 79-5.1 to file it under seal, unless there has been a prior stipulation or order designating the document as non-confidential.

11. If Defendants believe that the provisions of this Protective Order have been violated, Defendants may apply to the Court for an order seeking monetary sanctions, evidence sanctions, or other appropriate relief.

12. This Protective Order shall survive the final termination of this action, to the extent that the documents and information disclosed remain confidential and do not become known to the public, and the Court shall retain jurisdiction to assess monetary sanctions or other relief and to resolve any dispute concerning the use of the documents and information disclosed pursuant to this Protective Order.

**13.  If a party to whom confidential material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or**

**order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any confidential materials in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

DATED: June 15, 2015

/S/ FREDERICK F. MUMM
United States Magistrate Judge

4